THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HARVEY R. YOUNG, Defendant-Appellant.

Third District   No. 75-376

Opinion filed May 31, 1976.

Duane D. Young, of Springfield, for appellant.

David DeDoncker, State's Attorney, of Rock Island (Russell Boothe and James Hinterlong, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

The defendant was given a traffic citation for speeding on March 10, 1975. He initially posted his driver's license as bond. He was directed to

appear for court on April 10, 1975, at 10 a.m. On that date, April 10, 1975, he entered a plea of not guilty and requested a jury trial. On April 16, 1975, the cause was transferred from the East Moline Division for jury trial. Defendant had posted $25 cash bond by this time. Defendant was informed by a notice sent to him on May 19, 1975, that his trial was scheduled for 9:30 a.m., May 26, 1975. By telephone he asked for a continuance on May 23, 1975, and sent a letter to the clerk of the circuit court to the same effect. He stated that he could not appear for his scheduled jury trial because of "business commitments." His oral motion for a continuance was denied. When he failed to appear at the trial an *ex parte* judgment for $15 fine plus $10 costs was entered against him.

He subsequently filed a motion to vacate and set the judgment aside and has appealed from the denial of that motion.

From the facts presented we find the issue presented for review to be whether the court acted without error in denying the defendant a continuance. The defendant frames the issues presented in terms of constitutional due process of law which we need not decide by this opinion.

Section 114—4(e) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 114—4(e)) provides: "All motions for continuance are addressed to the discretion of the trial court and shall be considered in the light of the diligence shown on the part of the movant." It is further provided in the same section of the statute that motions for continuance should be construed to the end that criminal cases are tried with due diligence but yet consonant with the rights of the State and the defendant. Defendant's request for a continuance because of prior "business commitments" is not a reason for a continuance within the guidelines of section 114—4. Defendant had an ample amount of time to prepare his case for trial, a simple traffic violation, since he was arrested in March and arraigned on April 10, 1975, and the jury trial was not scheduled until May 26, 1975. Defendant has not claimed lack of notice, nor did he relate his need for a continuance to the preparation of his defense or the conduct of the trial in any way. No formal motion for a continuance appears in the record.

Motions for a continuance are addressed to the sound discretion of the trial judge. "Such a motion is improperly denied when it appears that the refusal to grant additional time has in some manner embarrassed the defendant in the preparation of his defense and thereby prejudiced him." *People v. Lott*, 33 Ill. App. 3d 779, 787, 338 N.E.2d 434, 441 (1975).

We are not aware of any prejudice to defendant or that he was hampered in preparing his defense because of the denial of his telephone request for a continuance. The trial court was very accommodating to defendant by hearing the motion for a continuance over the telephone. We find no abuse in the trial court's discretion in denying this motion for a

continuance for the reason asserted by defendant, that his business commitments would prevent him from appearing. The record does not support defendant's claim that the trial judge acted out of improper motives or that he attempted in any way to coerce defendant to abandon his election of his constitutional right to a jury trial.

For the foregoing reasons the judgment of the Circuit Court of Rock Island County is affirmed.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.